

**NUMBER 13-09-00257-CR**
**NUMBER 13-09-00258-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**TOMMY LYNN COX,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

**On appeal from the 156th District Court
of Bee County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion by Justice Benavides**

In two separate trial court cause numbers below, Appellant, Tommy Lynn Cox was

charged with and pleaded "no contest" to indecency with a child. *See* TEX. PENAL CODE

ANN. § 21.11 (Vernon Supp. 2009). In the first case, which we have assigned as appellate cause number 13-09-00257-CR, Cox was convicted on his plea and was sentenced to ten years' imprisonment in the Texas Department of Criminal Justice—Institutional Division ("TDCJ-ID"). The trial court suspended the sentence and placed Cox on ten years' community supervision. *See* TEX. CODE OF CRIM. PROC. ANN. art. 42.12 § 3 (Vernon Supp. 2009). In the second case, which we have assigned as appellate cause number 13-09-00258-CR, the trial court deferred adjudication and placed Cox on ten years' community supervision. *See id.* art. 42.12 § 5.

The State filed motions to revoke Cox's community supervision in each of the cases. Cox stipulated to all the facts and allegations regarding the violation of his community supervision and pleaded "true" to the allegations in the motions to revoke. The trial court revoked Cox's community supervision in the first case and sentenced him to seven years' imprisonment in the TDCJ-ID. *See id.* art. 42.12 § 23(a). The trial court adjudicated Cox guilty in the second case and likewise sentenced him to seven years' imprisonment in the TDCJ-ID. *Id.* art. 42.12 § 5(b). The sentences were to run concurrently.

Cox's appellate counsel, concluding that "there are no arguable grounds to be advanced on appeal," filed an *Ander's* brief in which he reviewed the merits, or lack thereof, of the appeals. We affirm.

## I. DISCUSSION

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that his review

of the records yielded no grounds or error upon which any appeal can be predicated. Although counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the records demonstrating why there are no arguable grounds to be advanced on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgments. Counsel has informed this Court that he has: (1) examined the records and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the records and to file a pro se response within thirty days.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. A sufficient time has passed, and Cox has not filed a pro se response.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the cases are wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire records, counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgments of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review in each of his cases.[2] *See* TEX. R. APP. P. 48.4;

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of his cases by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petitions for discretionary review. Any petition for discretionary review must be filed

4

*see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673

(Tex. Crim. App. 2006).

 

_____
GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of July, 2010.

---

within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3; 68.7. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.